# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | 1:10-CR-324 |
| SHANTAY M. THOMAS | * | |

## O R D E R

On March 1, 2011, Shantay M. Thomas ("Thomas") pled guilty to conspiracy and aggravated identify theft. (Doc. 70.) On June 17, 2011, this Court sentenced Thomas to seventy-six (76) months imprisonment. (Doc. 85.) Now before the Court are two fill-in-the-blank filings that Thomas has styled as a "Motion for Reconsideration 18 U.S.C. 3742(e) Post-Sentencing Rehabilitation Programming" (Doc. 134) and "Defendant's Motion to Change Method By Which Balance of Sentence Is Served"[1] (Doc. 135).

In the "Motion for Reconsideration," Thomas asks the Court to "grant a reduction of sentence" based on her post-conviction rehabilitative efforts – namely, that "she has received 7 certificates, totaling 1582 hours." (Doc. 134 at 1, 2.) Before reaching the merits of Thomas's "Motion for Reconsideration,"

---

[1] Thomas filed an identical fill-in-the-blank motion on January 24, 2013 (Doc. 124), which this Court denied (Doc. 129).

this Court must first determine whether it has the power to reconsider her sentence.

The general rule is that "[a] district court may not modify a term of imprisonment once it has been imposed, except where expressly permitted by Federal Rule of Criminal Procedure 35 or by 18 U.S.C. § 3582, and a district court lacks 'inherent power' to resentence a defendant." United States v. Barsena-Brito, 374 F. App'x 951, 951 (11th Cir. 2010) (citing United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002)). Therefore, this Court must analyze whether either Rule 35 or 18 U.S.C. § 3582 are applicable to the facts of this case.

Under Rule 35(a), a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after sentencing. FED. R. CRIM. P. 35(a). The Court sentenced Thomas on June 17, 2011, and she filed the present motions on August 14, 2015. This time frame clearly falls outside the fourteen-day window, and therefore this Court does not have the power to review the sentence under Rule 35(a). Under Rule 35(b), the government may move for a reduction of a defendant's sentence based on substantial assistance provided by the defendant. FED. R. CRIM. P. 35(b). However, no such motion has been filed by the government in this case.

2

The only additional authorization for a district court to modify a sentence is upon: (1) a motion by the Bureau of Prisons based on extraordinary circumstances or in cases involving an elderly prisoner; or (2) a retroactive amendment to the guidelines that lowers the sentencing range of the defendant. 18 U.S.C. § 3582(c). These requirements are not satisfied in the present action. The Bureau of Prisons has not moved to reduce Thomas's term of imprisonment based on extraordinary circumstances or age. Moreover, there is no applicable change in the sentencing guidelines that has reduced Thomas's guideline range. As such, the Court does not have the power under 18 U.S.C. § 3582(c) to review Thomas's sentence. The Court thus **DENIES** Thomas's "Motion for Reconsideration." (Doc. 134.)

In the "Motion to Change Method," Thomas requests that the Court "grant her motion to serve the remainder of her sentence on home confinement or in a halfway house-like facility." (Doc. 135 at 3.) To pursue such relief, Thomas must file a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008)("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241."); Veneziano v. Grayer, No. 1:07-CV-2047 TW, 2008 WL 542638, at *2 (N.D. Ga. Feb. 22, 2008) ("An aspect of the

3

execution of a federal prisoner's sentence is the BOP's choice of his place of confinement.")(citations omitted).

Even if the Court liberally construes Thomas's motion as a § 2241 petition, her claim still would be dismissed for a lack of jurisdiction because she did not file it in the district in which she is incarcerated — the United States District Court for the Middle District of Florida. See United States v. Pruitt, 417 F. App'x 903, 904 (11th Cir. 2011) ("A petition for writ of habeas corpus pursuant to § 2241 may be brought only in the district court for the district in which the inmate is incarcerated.") (citation and internal quotation marks omitted). The Court thus also **DENIES** Thomas's "Motion to Change Method." (Doc. 135.)

**ORDER ENTERED** at Augusta, Georgia this ___18th___ day of August, 2015.

                                  HONORABLE J. RANDAL HALL
                                  UNITED STATES DISTRICT JUDGE
                                  SOUTHERN DISTRICT OF GEORGIA