IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA     *
                         *
      v.                     *       1:10-CR-324-2
                         *
SHANTAY M. THOMAS        *
                         *
                         *

## O R D E R

On March 1, 2011, Shantay M. Thomas ("Thomas") pled guilty to conspiracy and aggravated identify theft. (Doc. 70.) On June 17, 2011, this Court sentenced Thomas to seventy-six (76) months imprisonment. (Doc. 85.) Thomas recently filed a letter in which she requests that the Court reduce her sentence. (Doc. 138 at 1.) In her letter, Thomas explains that she has become a better person and now has "an education, morals, and goals." (Id.) The letter includes a list of courses she has taken during her imprisonment and indicates that Thomas earned her GED. (Id. at 2.) Additionally, Thomas describes her desire to care for her four daughters. (Id. at 1.) She explains that her parents, who have custody of the children, are now unable to care for them. (Id.)

Before reaching the merits of Thomas's request, this Court must first determine whether it has the power to reduce her sentence. The general rule is that "[a] district court may not

modify a term of imprisonment once it has been imposed, except where expressly permitted by Federal Rule of Criminal Procedure 35 or by 18 U.S.C. § 3582, and a district court lacks 'inherent power' to resentence a defendant." United States v. Barsena-Brito, 374 F. App'x 951, 951 (11th Cir. 2010) (citing United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002)). Therefore, this Court must analyze whether either Rule 35 or 18 U.S.C. § 3582 are applicable to the facts of this case.

Under Rule 35(a), a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after sentencing. Fed. R. Crim. P. 35(a). The Court sentenced Thomas on June 17, 2011, and she filed the present motions on August 14, 2015. This time frame clearly falls outside the fourteen-day window, and therefore this Court does not have the power to review the sentence under Rule 35(a). Under Rule 35(b), the government may move for a reduction of a defendant's sentence based on substantial assistance provided by the defendant. Fed. R. Crim. P. 35(b). However, no such motion has been filed by the government in this case.

The only additional authorization for a district court to modify a sentence is upon: (1) a motion by the Bureau of Prisons based on extraordinary circumstances or in cases involving an elderly prisoner; or (2) a retroactive amendment to the

guidelines that lowers the sentencing range of the defendant. 18 U.S.C. § 3582(c). These requirements are not satisfied in the present action. The Bureau of Prisons has not moved to reduce Thomas's term of imprisonment based on extraordinary circumstances or age. Moreover, there is no applicable change in the sentencing guidelines that has reduced Thomas's guideline range. As such, the Court does not have the power under 18 U.S.C. § 3582(c) to review Thomas's sentence.

For these reasons, the Court thus **DENIES** Thomas's request to reduce her sentence. (Doc. 138.)

**ORDER ENTERED** at Augusta, Georgia this ___8th___ day of June 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA